JUAN AMARAL SUÁREZ, Plaintiff and Appellee, *v.* JUANA GERENA BURGOS, Defendant and Appellant.

No. 6567. Argued March 26, 1934.—Decided May 24, 1934.

*Daniel Pellón* for appellant. *R. García Cintrón* and *R. Rodríguez Alberty* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In this case the term allowed to the appellant for filing the transcript of the stenographic notes in the lower court in order to perfect the appeal taken from the judgment, expired and we granted her a new term to do so. When that term was about to expire the appellant presented to this court a motion for a new trial, because it was impossible for her to file the said transcript in the lower court, since the stenographer who took the notes had died without preparing it. The appellee was notified of this motion and we heard both parties.

The question of whether a new trial may be granted on the ground that it is impossible to prepare the transcript

of the evidence for the purposes of the appeal has been decided in the case of *Sánchez* v. *Vizcarrondo,* 45 P.R.R. 64. See also the same case on a motion for rehearing, decided on the 22nd of the present month, *ante,* p. 674. In that case the stenographer's notes containing the evidence of one of the parties were lost. The court approved the transcript of the evidence of the other party and the record on appeal was filed in this court. One of the parties in its brief said that a new trial should be granted because part of the evidence was missing. In deciding this question we said that it seemed to be an exceptional case, for which the district court retained jurisdiction and the jurisprudence tends to show that where such a motion is grantable it should generally be made in the lower court. It was further said that the appellee cited cases to the effect that a motion for a new trial must always be made in the lower court, that we agreed that said court is in a better position to weigh the importance of the evidence, and that the motion should ordinarily be presented there. We also said that, supposing that this court has a residuary power, which we would not be disposed to deny, to order a new trial for loss of stenographer's notes, nevertheless, as a rule, a formal motion, accompanied by an affidavit of merits, should be presented, so that this court could discretionally consider whether it would be in the true interest of justice to grant such a trial.

In view of what was decided in the case cited, and of the fact that the record on appeal is not before us, and since, where the transcript of the evidence cannot be filed in the lower court, it is to that court that recourse generally should be had to obtain a new trial on that ground, we are of the opinion that the motion for a new trial filed in this court should be denied, without prejudice to the right of the appellant to apply for a new trial to the lower court.